BELLER vs. BLOCK.

If goods be sold which belong to several persons jointly, all of the owners, whether partners or not, must join in an action of assumpsit for the purchase money, and if they all do not join the defendant may take advantage of the non-joinder by plea, or upon the general issue.

An auctioneer, has a special property in the goods sold by him at auction, whether the name of the owner be made known or not, or whether he be part owner or not, and may maintain an action against the purchaser in his own name for the price of the goods.

Where an auctioneer brings suit in his own name against the purchaser of goods, proof that he acted as auctioneer at a public sale, and that the defendant purchased at such sale, is sufficient evidence of the plaintiff's character without the production of his license as an auctioneer.

No sale is complete, so as to vest in the vendee an immediate right of property, so long as any thing remains to be done between the buyer and seller in relation to. the *goods:* but a contract for the sale and purchase of goods may be an executed one, though something remains to be done by one of the parties—as, the payment of the purchase money:

Upon the sale and purchase of a wagon, at public auction, the delivery is sufficient if the wagon be pointed out when it is put up for sale, and the purchaser is informed, when he bids it off, that he can take it—though the purchaser may not remove it, or take manual possession of it.

*Appeal from Hempstead Circuit Court.*

Hon. Thomas Hubbard, Circuit Judge.

Watkins & Gallagher, for the appellant.

The sale was not binding on Beller, because within the statute of frauds. *Sec. 2, chap. 73, Digest.* There was no earnest, delivery or memorandum in writing.

The sale was illegal, and no valid contract can arise out of it. The statute, *Dig., p. 95,* prohibits any one except a *licensed* auctioneer from selling at auction.

If the sale was at public auction there must be a memorandum in writing to charge defendant. 3 *McCord* 458; 1 *Mc-Mullen S. C.* 453; 1 *Greenl. Ev., sec. 269, p. 350, 351;* 8 *Texas* 78; 2 *Gilman* 614; *Morton vs. Dean,* 17 *Metc.* 385; *Hunt vs. Gregg,* 8 *Blackf.* 105; *Davis vs. Rowell,* 2 *Pick.* 64; 1 *Sug. on Vend., p.* 133, 134, *marg. p.* 117, *p.* 284, *marg. p.* 243, 244.

Where one sells for himself pretending to sell for another, he must give defendant notice before he can bring suit. *Sug. on Vendors, vol.* 1, *p.* 301, *sec.* 40, *marg. p.* 257.

S. H. Hempstead & A. H. Garland, for the appellee.

An auctioneer may sue in his own name for the price of goods sold by him, at auction, whether they belong to him or

not.  1 *H. Black*. 81; 2 *Esp. R.* 493; 16 *John*. 1; *Story's Sales* 471; 2 *Hall* 345; 5 *S. & R.* 19; *Chitty on Contracts* 185.

An agent who sells the goods of his principal as his own, may also sue in his own name. *Story's Agency* 290 to 293. 396. Whether the property sold really belonged to Block or not is immaterial.

The property was within the power of the vendee, and he exerted ownership over it; from which the jury had a right to presume delivery and acceptance. *Story's Sales* 311; 12 *Mass.* 300; 2 *Kent* 501; 1 *East* 192; 7 *East* 558.

The delivery was sufficient.  2 *Eng*. 197; 14 *Ark*. 351.

Mr. Chief Justice ENGLISH, delivered the opinion of the Court.

On the 15th of May, 1854, Abram Block commenced a suit against Allen T. Beller, before a justice of the peace of Hempstead county, on an account stated, as follows:

" A. T. BELLER,

To A. BLOCK,                                    *Dr.*

1853. For 1 Ox Wagon, bo't at public auction at sale of

S. L. Slack, Sept. 14, 1853· · · · · · · · · · · · · · · · ·$37  00"

On the trial in the Circuit Court, upon an appeal from the judgment of the justice, in favor of Block, the following evidence was introduced:

*Hezekiah W. Smith*, witness for plaintiff.—Was at a sale of S. L. Slack's property, in Washington, made in 1853. The defendant, Beller, and a good many other persons, were at the sale. An ox wagon was sold. Witness and defendant bid for it. Defendant bid $37. Did not hear Slack tell any one that the wagon was his property. The plaintiff, Block, " acted as cryer or auctioneer," at the sale. He remarked to the crowd, when he went to sell the wagon, that he would sell them a good wagon. It looked like a pretty good wagon, but had been used a good deal—$37 was not a high price for it. Heard no questions asked the plaintiff, at the sale, as to whose property the wagon was. The sale was a public one, and Daniel E. Williams acted as clerk at the sale.

*Cross-examined:* The wagon was sold near S. L. Slack's house. It was standing in his yard, on his premises. The plaintiff used the same words in relation to the wagon when he went to sell it, that he did in relation to the other property sold at the sale—he said, " come up, gentlemen, I will sell you a good wagon," or something of that sort.

*Daniel E. Williams,* for plaintiff.—Acted as clerk at Slack's sale. The defendant bought the wagon in controversy. He bid it off at $37—others bid for it—Smith bid $35. It was worth $37. Heard the defendant say, a few days after the sale, that when he went to pay Slack for the wagon, Slack told him to pay it to the plaintiff.

*Cross-examined:* Heard defendant also say, at the same time, that when he bought the wagon, he supposed it was Slack's, but he had to settle with plaintiff, and he would not take the wagon.

*Wesley Norwood,* for plaintiff.—Heard defendant say he had bought an ox wagon at Slack's sale, a day or two after the sale, and that he wanted to trade it. He said he had got a bargain, and would like to exchange it for a two-horse wagon. He rather preferred to make a trade of that kind.

*Cross-examined:* Defendant said, at the same time, that he had not brought the wagon away yet—that it was up at Slack's.

Plaintiff here closed.

*Robert L. Phillips,* for defendant.—A few days after the sale, saw the defendant tender to Slack the money for the wagon— witness counted the money, it was in gold and silver, and there were fifty-one or two dollars. This was for the wagon and some other things that defendant bought at the sale. Slack did not take the money for the wagon, but took the price of the other things.

Defendant offered to prove that the wagon was sold by a constable, in April, 1853, under an execution issued by a justice of the peace, in favor of Williams & Burt, against Thomas Wilson, and bid off by *Virginius Block;* but, upon the objection

of the plaintiff, the Court excluded this evidence, and the defendant excepted.

The defendant offered to prove by *Virginius Block* that he was one of the owners of the wagon at the time it was sold at Slack's sale—that it did not belong to the plaintiff alone, but to the firm of A. Block & Son; which the Court excluded, upon the objection of the plaintiff, and the defendant excepted.

The above being the substance of all the testimony introduced upon the trial, the defendant moved the Court to instruct the jury as follows, which the Court refused, and defendant excepted.

" 1. That plaintiff, in order to recover in this action, must prove that he was the owner of the property claimed to have been sold to defendant, and if said plaintiff does not, the law is for the defendant.

" 2. That before plaintiff can maintain this action in his own name for goods sold at the sale of the goods of S. L. Slack, he must first have given Beller notice that he, plaintiff, was the owner.

" 3. That if the jury believe, from the evidence, that Beller never accepted said wagon, nor ever had it in his possession, then they cannot find for the plaintiff in the present form of action.

" 4. That in order for plaintiff to recover in this action, by reason of being an auctioneer, he must first prove that he had been duly licensed according to the statute in such case made and provided.

" 5. That if any thing remained to be done at or after the sale spoken of in this case by either party, then there has been no executed contract in this case, and the jury must find for the defendant."

The Court, upon its own motion, instructed the jury as follows:

" If the jury shall find from the evidence that the plaintiff acted as the agent, and conducted the sale for S. L. Slack, made at his house, and that the wagon in controversy was then

offered for sale by the plaintiff, and was bid for by the defendant, and was struck off to him by the plaintiff, and the defendant was then and there informed he could take the wagon, the same was a valid sale and purchase, and binding on the defendant.  And if the jury shall also find, from the evidence, that defendant was informed by said S. L. Slack that he, defendant, must settle with plaintiff for the wagon, a reasonable time before the commencement of this suit, they may find for the plaintiff the amount bid for the wagon, with legal interest, if they find that payment has been vexatiously withheld."

To the giving of which defendant excepted.

The jury returned a verdict in favor of the plaintiff for $37, without interest.

The defendant moved for a new trial on the following grounds:

1. The verdict contrary to law.

2. Contrary to evidence.

3. The Court refused to give the five instructions asked for by defendant.

4. The Court refused to suffer defendant to prove that the wagon was not the property of the plaintiff, nor S. L. Slack, at the time of sale.

5. The Court refused to permit the defendant to prove that the wagon was the property of Virginius Block at the time of the sale.

6. The Court erred in giving instructions upon its own motion.

7. The Court permitted parol evidence to go before the jury, relative to the sale, when it was proved that there was a book kept, by the clerk, at said sale, of the prices, terms, etc.

The Court overruled the motion for a new trial, and rendered final judgment for plaintiff, and defendant excepted, and appealed.

If goods be sold which belong to several persons jointly, all of the owners must join in assumpsit for the purchase money. *Arch. Civ. Plead.* 50.  If the goods belong to partners, all of

them must be joined in the action, if living. except dormant partners, etc. *Ib.* 52. In actions upon contracts, not under seal, brought by some only of several who ought to join, without averring the death of the others, the defendant may plead the non-joinder in abatement, or take advantage of it at the trial upon the general issue, at his option. *Ib.* 55; 2 *Stark.* 424.

If it be assumed, therefore, that Block sued in his own right, and as the absolute owner of the wagon, the Court erred in not permitting Beller to prove, upon the trial, that Virginius Block was part owner, or that the wagon belonged to the firm of A. Block & Son.

But it is manifest that the Court below did not regard Block as suing in his own right, as absolute and sole owner of the wagon, but in his right as auctioneer.

An auctioneer has a special property in the goods sold by him at auction, and may maintain an action against the purchaser in his own name, for the price of the goods. *Story on Agency, sec.* 27, 107; *Story on Sales, sec.* 471; *Hilliard on Sales, p.* 169. It is of no consequence whether the name of the owner of the goods be made known at the time of the sale or not. *Ib.*

No matter, therefore, whether the wagon was the property of Slack, Virginius Block, or of the firm of A. Block & Son, the appellee had a special property in it as auctioneer, and the right of action for the purchase money.

The appellee proved that he acted as auctioneer at a public sale, and that the appellant recognized him as such by purchasing the wagon, and other goods. This was sufficient to entitle the appellee to recover, in the absence of rebutting proof, without the production of his license as an auctioneer. *Hilliard on Sales, p.* 169, 170; 1 *Phillips Evidence, p.* 351, 352, 353.

This disposes of the 4th and 5th grounds of the motion for a new trial, and of the 1st, 2d, and 4th instructions moved by the appellant.

The 5th instruction moved by appellant—" that if *any thing* remained to be done at or after the sale by *either party*, there

was no executed contract"—was too broad. The purchase money may remain to be paid, and yet the sale may be complete, if the goods be delivered. The rule is, that:

" No sale is complete, so as to vest in the vendee an immediate right of property, so long as any thing remains to be done between the buyer and seller in relation to the *goods*. The goods sold must be separated, and identified by marks or numbers so as to be completely distinguished from all other goods, or from the bulk or mass with which they happen to be mixed. If they be sold by weight, or measure, or number, the specific quantity bought must be weighed, or measured, or counted, so as to be separate and distinct from all other similar goods," etc., etc. *Story on Sales, sec.* 296.

Taking the third instruction, moved by the appellant, all together, and the Court did not err in refusing it—the words: " nor ever had it in his possession "—were objectionable. The sale might have been a valid one, and binding on the defendants, though he never removed the wagon from the spot where he bid it off—though he might have taken no manual possession of it. If the wagon was delivered to him, the sale was complete, and the contract not within the statute of frauds. It being a bulky article, manual delivery was not necessary. Thus where the vendor, on the sale of certain logs, lying within a boom, took the vendee in sight of them, and showed them to him, it was held to be a sufficient delivery, on the ground that no other delivery was practicable under the circumstances; and that this act was intended as a delivery of the logs. *Story on Sales, sec.* 311, 6.

If in the language of the charge given by the Court to the jury, on its own motion, the appellee was informed, when he bid off the wagon, that he could take it, he being present, and the wagon pointed out when it was put up for sale, no other delivery would be required to complete the sale.

The verdict of the jury is not totally without evidence to sustain it, though the proof of delivery is not by any means clear. The wagon was standing in Slack's yard, and was

pointed out when it was put up for sale by the appellee. The appellant bid it off; he afterwards offered to pay Slack for it—made him a formal tender of the price, etc.,—told one witness that he had bought the wagon at the sale—had got a bargain, and wanted to exchange it for a two horse wagon. That he had not yet taken it away from Slack's. He made no complaint of want of title, or want of delivery. It seems that he had some personal distaste to the auctioneer, and no fancy for paying the money to him, and this was the unhappy source of the litigation which has, doubtless, cost each of the parties several times the value of the wagon, and which we shall terminate by affirming the judgment,